IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SANDRA KENNEDY**,

    Plaintiff,

    v.

**MICHAEL J. ASTRUE,**

**Commissioner of Social Security**,

    Defendant.

No. CV 09-6005-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Sandra Kennedy moves for the approval of attorney fees of $9,344.25 pursuant to 42 U.S.C. 406(b). (Mot. for Att'y Fees (# 23).) This figure represents 21 percent of Ms. Kennedy's retroactive benefits, less the EAJA fee of $3,888.10 already received.

    Agreements that provide fees that exceed 25 percent of past-due benefits are unenforceable under 42 U.S.C. 406(b)(1)(A). Within this boundary, the attorney bears the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In testing the fee agreement for reasonableness, I am required to consider the character of the representation, the results achieved, delay caused by the attorney, and the amount of time spent on the case. *Id.* at 808. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.*

1 – OPINION AND ORDER

Considering these factors, I find this fee unreasonable. Ms. Kennedy's counsel, Alan Graf, spent 20.85 hours representing Ms. Kennedy. Summing the requested attorney's fees with the EAJA fee already received, Mr. Graf's total payment would be $13,232.35, which is an hourly rate of $634.34. Mr. Graf attempts to show this fee is reasonable by arguing that the average hourly non-contingent billing rate in Portland is $244.00/hour. Oregon State Bar, 2007 Economic Survey, http://www.osbar.org/_docs/ resources/07EconSurvey.pdf (last visited Oct. 1, 2010). With this, he argues that his current fee for non-contingent work is reasonable, at $250/hour. He then uses a 2.92 multiplier to adjust for the increased risk of nonpayment in contingency cases. (Pl.'s Mem. (#35) 5.) *See also Crawford v. Astrue*, 586 F.3d 1142, 1145 (9th Cir. 2009) (citing very similar contingency risks mentioned in plaintiff's brief). With this he argues that a $730/hour rate is reasonable. He justifies the number of hours expended by citing my prior approval of the number of hours in his EAJA petition. (*See* Order (#33) 1; *see also* Stipulated App. for Fees (#31) Ex. 1, at 1–2.)

Mr. Graf does not explain why the reasonable baseline is his present hourly rate, $250/hour, rather than his hourly rate in 2010, when the work was done. In the same document he cites to justify the number of hours worked, he also stipulated to an hourly rate of $173.96/hour.[1] (*Id.*) Because he offers no justification for this arbitrary enhancement, he has not met his burden of showing the fee was reasonable. *See Crawford*, 586 F.3d at 1145–46 (criticizing three district courts for assigning an arbitrary enhancement to a fee calculation).

While certainly no lodestar calculation is required, *id.* at 1148, Mr. Graf does bear the burden of showing that his fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Even after accounting generously for increased risks and variability, he gives no justification for the 43.7% increase in

---

[1] Because he stipulated to various billing rates over that period, I have selected the highest hourly rate in the stipulation.

2 – OPINION AND ORDER

his pre-multiplier hourly wage.  ($250 – $173.96) / $173.96 = 43.7%.  Therefore, I grant Mr. Graf the full amount he has shown to be reasonable: $173.96 per hour multiplied by the 2.92 risk premium multiplied by the 20.85 hours spent on this case, less the EAJA fee of $3,888.10 already received, rounded up to the nearest cent for a total of $6,702.94.

    IT IS SO ORDERED.

    DATED this   21   day of March, 2011.


                                              /s/ Michael W. Mosman
                                              MICHAEL W. MOSMAN
                                              United States District Court